UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **COURTNEY L. BREEDEN** ) ) **Plaintiff,** ) ) v. ) ) **WAKEFIELD & ASSOCIATES, INC.,** ) ) **Defendant.** ) | Civil Action No. _____ <br><br> <u>Jury Trial Demanded</u> |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant Wakefield & Associates, Inc.'s (Wakefield) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff Courtney L. Breeden (Plaintiff).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Wakefield transacts business here.

### PARTIES

4. Plaintiff is a natural person who resides in Cocke County, Tennessee.

5. Wakefield is a for-profit foreign corporation (Colorado) registered to do business in Tennessee with a principal office located at 10800 E Bethany Dr, Aurora, CO 80014-2697 that maintains Incorp Services, Inc., 216 Centerview Dr, Ste 317, Brentwood, TN 37027-3226 as its registered agent.

1

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Wakefield regularly engages in the business of using the mails and telephone system, sending collection letters, reporting to credit reporting agencies, including Experian, Equifax and TransUnion, paying the filing fees and process service fees to file collection lawsuits and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of collection lawsuits, or for it to sign as an agent for its clients, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Wakefield has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt for medical services allegedly originally owed by Plaintiff to University Health System dba University of Tennessee Medical Center (UHS) (debt).

9. After default, UHS hired Wakefield to attempt collection of the debt from Plaintiff.

### *Collection Communications*

10. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

### *Collection Lawsuit*

11. On April 30, 2018, Wakefield filed a civil summons and Affidavit of Sworn Account (sworn affidavit) in state court on behalf of UHS (collectively "collection lawsuit"). **A copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

12. The civil summons was prepared by Wakefield. **See Doc. 1-1.**

13. The civil summons states that it was brought by UHS "[f]or 1,001.91 + cost." **See Doc. 1-1.**

14. The civil summons lists an address for the Plaintiff in Sevier County, Tennessee and someone has written on the civil summons: "Sevier Co to Serve". **See Doc. 1-1, p. 1.**

15. The sworn affidavit was prepared by Wakefield. **See Doc. 1-1, p. 2.**

16. The sworn affidavit states:

March 17, 2018                                            01-172525314

## Affidavit of Sworn Account

State of     TENNESSEE

County of   KNOX

Creditor:     UNIVERSITY HEALTH SYSTEM
              DBA
              UNIVERSITY OF TENNESSEE MEDICAL CENTER

vs

Debtor:       COURTNEY L BREEDEN

LIST OF ACCOUNTS ASSOCIATED WITH THIS MATTER

| Creditor Account # | Date of Service | Balance |
|---|---|---|
| 001764001003 | 01/23/17 | 1,001.91 |
| | Total Due | 1,001.91 |

> The undersigned, creditor or creditor's authorized agent, makes oath based on review and personal knowledge of the account of the debtor that the annexed account is just, due and unpaid plus any additional accrued interest. All lawful offsets, credits and payments have been allowed and the correct balance is shown above for services rendered and/or goods sold and delivered to the debtor or on the debtor's behalf at the debtor's special request. I affirm the above referenced account(s) has/have not been sued in a court of law.

**See Doc. 1-1, p. 2.**

17. The sworn affidavit is alleged to have been signed by a person named Tammie Armstrong, who allegedly is an authorized agent of UHS, in front of a notary named Gregg A. Swersky, an employee of Wakefield, on March 29, 2018. **See Doc. 1-1, p. 2.**

18. The sworn affidavit also states:

> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

19. The civil summons and sworn affidavit were filed by Wakefield against Plaintiff in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-1, pp. 1-2.**

20. The collection lawsuit sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance owed for medical services allegedly provided to Plaintiff.

### *September 20, 2018 Collection Letter*

21. On or about September 20, 2018, Wakefield sent a collection letter dated September 20, 2018 to Plaintiff (collection letter). **Copy filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

22. The collection letter states:

> RE: DOCKET # 111242H
> UNIVERSITY OF TENNESSEE MEDICAL CENTER

> Total Due: $1,179.91
> Account: 01-172525314
>
> . . .
>
> This letter is to inform you that your court date has been reset to December 05, 2018, at 9:00 AM at KNOX COUNTY GENERAL SESSIONS.
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

23. The communication by Wakefield in the form of the collection letter is a communication by Wakefield in connection with collection of the debt, and conveyed information regarding the debt, including the creditor alleged to be owed the debt being collected, and the amount alleged as owed, and is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The collection letter sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the balance allegedly owed for medical services provided to Plaintiff.

## FDCPA CLAIMS

25. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692 *et seq.***

26. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

27. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

5

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

28. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

29. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

*Filing Collection Lawsuit Against Plaintiff in Improper Venue*

30. The FDCPA states:

> (a) Any debt collector who brings any legal action on a debt against any consumer shall—
>
> . . .
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a)(2).

31. No contract was signed by the Plaintiff for the medical services allegedly provided.

32. The collection lawsuit was filed by Wakefield in Knox County, Tennessee.

33. At the commencement of the collection lawsuit, the Plaintiff resided in Cocke County, Tennessee.

34. Because the Plaintiff did not sign a contract with UHS and the Plaintiff did not reside in Knox County, Tennessee at the time the collection lawsuit was filed, the only county in which the collection lawsuit could be filed against the Plaintiff in compliance with the FDCPA would have been Cocke County, Tennessee. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103 (6th Cir. 1996).

35. The filing of the collection lawsuit against the Plaintiff by Wakefield in Knox County, Tennessee is a violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

*False Representation of the Amount of the Debt*

36. Service of the collection lawsuit on the Plaintiff was shown to have been "By Phone" on June 7, 2018, which is improper service. **See Doc. 1, p. 1.**

37. After the court date for the collection lawsuit was reset to December 5, 2018, it was dismissed.

38. The addition of court costs or any other amounts to the alleged balance was premature as none had been awarded by the state court as of September 20, 2018, the date of the collection letter, and actually were never awarded as the state court action was non-suited by Wakefield on December 5, 2018.

39. By adding court costs to the amount of the alleged debt prior to them being awarded by the state court, Wakefield violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1). **See Doc. 1-2.**

**FDCPA CLAIMS**

40. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692 *et seq.***

41. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

42. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

43. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

44. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

45. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

*Summary*

46. The above-detailed conduct by Wakefield in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

**TRIAL BY JURY**

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  **U.S. Const. amend. 7;  Fed.R.Civ.P. 38.**

**CAUSES OF ACTION**

**COUNTS I-IX**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),
1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

49. Wakefield's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

50. As a result of Wakefield's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Wakefield.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Wakefield:

**COUNTS I-IX**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),**

**1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Wakefield and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Wakefield, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Wakefield and for Plaintiff; and

- for such other and further relief, as may be just and proper.

12/12/18                                   Respectfully submitted,

**COURTNEY L. BREEDEN**


s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff